IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERI L. HARRIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 07-5546 |
| NCO FINANCIAL SYSTEMS, et al. | : | |

### ORDER-MEMORANDUM

AND NOW, this 24th day of February, 2009, "Defendant's Motion for an Order Compelling Plaintiff's Appearance for her Deposition" (docket no. 22) is granted, and plaintiff is ordered to appear for deposition in the office of defendant's counsel within sixty (60) days of the date of this order. Defendant's request for costs is denied.

This is an action under the Fair Debt Collection Practices Act. On December 14, 2007, plaintiff Sheri L. Harris, pro se, filed a complaint in this court, which she later amended. The amended complaint states that defendant NCO Financial Systems, Inc. violated the act, and requests return of sums collected by NCO. More specifically, the amended complaint states that NCO "rendered relentless pursuit concerning [a past due] account." Further, though the amended complaint admits plaintiff paid an amount in settlement of the debt sought to be collected by NCO, it asserts that she did not, in fact, owe any money to the creditor that assigned the account to NCO for collection. Amended complaint, ¶¶ 2, 3.

In the course of a pre-trial conference, counsel for defendant and plaintiff were instructed to select a mutually convenient date for the deposition of plaintiff. Defense

counsel contacted plaintiff to choose a date, but plaintiff refused to agree to any date, stating that she would not appear for deposition. On June 20, 2008, counsel served a notice of deposition upon plaintiff, scheduling the deposition on July 17, 2008 in counsel's Philadelphia offices. Exhibit "A" to motion. Plaintiff contacted counsel and stated that she would not travel to Philadelphia for a deposition and, in fact, she did not appear for the noticed deposition.

On August 8, 2008, defendant filed this motion for an order compelling the deposition in Philadelphia. Plaintiff filed a response to the motion in which she reiterated that "she would not be able to attend any such deposition, because she resides out of state; and would preferably file for Summary Judgment." Response, docket no. 24, ¶ 3. Plaintiff also states that she "cannot afford the cost of travel to desired destination." Id., ¶ 4. Subsequently, plaintiff produced a note from her employer, Westchester Cardiac Associates stating, "To whom it may concern, Ms. Sheri Harris is the sole employee at the WCA in Westchester, NY. It would impose great difficulty upon the medical practice if Ms. Harris were to take any time off at this time." The note is dated August 15, 2008, and is written on an "Official New York State Prescription" form stamped with the name of Maria Pellegrino, M.D. Note, produced with plaintiff's motion for summary judgment (docket no. 26).

> Under the Federal Rules of Civil Procedure the location of a deposition is first left to the party noticing the deposition. Fed. R. Civ. P. 30(b)(1). Resolution of any dispute regarding location is left to the sound discretion of the court. <u>Philadelphia Indemnity Ins. Co. v. Federal Ins. Co.</u>, 215 F.R.D. 492, 495 (E.D. Pa. 2003). A party who objects to the place set for deposition ordinarily files a motion for a protective order, averring physical or financial hardship. Fed.

R. Civ. P. 26(c).  Normally, a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought because the plaintiff selected the forum.  Wright & Miller, <u>Federal Practice and Procedure</u>, § 2112 (1994); <u>United States v. Rock Springs Vista Dev.</u>, 185 F.R.D. 603, 604 (D. Nev. 1999).

<u>McGinley v. Baratta</u>, 2006 WL 2346301, at *1 (E.D. Pa., filed Aug. 11, 2006) (compelling plaintiffs to come from Florida to Philadelphia for in-person depositions), quoting <u>Sampathachar v. Federal Kemper Life Assurance Co.</u>, 2004 WL 2743589, at *1 (E.D. Pa., filed Nov. 24, 2004) (compelling plaintiff to come from India to Philadelphia for in-person deposition).

Defendant is entitled to take the deposition of plaintiff in person.  Plaintiff's averment of financial hardship is not sufficient in this case to override the general rule that she must appear for deposition in the forum in which she commenced the action.  Defendant is directed to consult plaintiff in choosing a date, and to choose a date that will be most convenient for plaintiff and her employer.

                    BY THE COURT:

                    /s/ Edmund V. Ludwig
                    Edmund V. Ludwig, J.