IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SHERI L. HARRIS                              :        CIVIL ACTION
                                             :
        v.                                   :
                                             :        No. 07-5546
NCO FINANCIAL SYSTEMS, et al.                :

### ORDER- MEMORANDUM

AND NOW, this 25TH day of February, 2009, the "Motion for Summary Judgment"

(docket no. 26) filed by plaintiff Sheri L. Harris is denied.  Fed. R. Civ. P. 56.[1]

This is an action under the Fair Debt Collection Procedures Act.  15 U.S.C. § 1692

et seq.  On December 14, 2007, plaintiff Sheri L. Harris, pro se, filed a complaint in this

court, and later amended it.  The amended complaint states that defendant NCO Financial

Systems, Inc. violated the act, and requests the return of sums it collected.  More specifically,

the amended complaint alleges  that NCO "rendered relentless pursuit concerning [a past

due] account."  Further, although the amended complaint admits plaintiff paid an amount in

settlement of the debt in question, it asserts that she did not actually owe any money to the

creditor that referred the account to NCO for collection.  Amended Complaint, ¶¶ 2, 3.

Plaintiff moves for summary judgment, because "the undisputed facts of this case

---

[1] "Summary judgment is appropriate 'if the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party is entitled to judgment as a matter
of law.'" Romano v. Williams & Fudge, 2008 WL 5115041, at *1 (E.D. Pa., filed Dec. 4, 2008),
quoting Woodside v. School Dist. of Philadelphia Bd. of Educ., 248 F.3d 129, 130 (3d cir. 2001).
"In deciding a summary judgment motion, a court must view the facts in the light most favorable
to, draw all reasonable inferences, and resolve all doubts, in favor of the non-moving party."
Romano, at *1, quoting Doe v. County of Centre, PA, 242 F.3d 437, 446 (3d Cir. 2001).

show that the defendant, NCO Financial Systems fails to provide valid evidence of debt and

transaction regarding the plaintiff and the use of First USA/Bank One credit card number

[number set forth].  As such, the Plaintiff is entitled to summary judgment as a matter of

law." Motion for Summary Judgment (docket no. 26).  Plaintiff's supporting brief does not

identify the specific provision of the act on which she relies, but the crux of her claim is that

defendant did not provide a validation notice to plaintiff - and has continued, despite

plaintiff's request, to refuse to document the validity of the debt, in violation of 15 U.S.C.

§ 1692g.[2]  Plaintiff's brief, ¶ 1 ("The defendant NCO Financial Systems failed to provide

proof regarding origins of debt."); Plaintiff's brief, ¶ 8 ("The plaintiff is disputing receiving

---

[2] Section 1692g provides:

Within 5 days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -

    1) the amount of the debt;
    2) the name of the creditor to whom the debt is owed;
    3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(cont.)

    4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g.

a validation notice from NCO Financial on 7/27/99.")

In response, defendant offered the affidavit of Lisa Signore, NCO's Vice President of Legal Compliance. Defendant's memorandum in opposition, Exhibit "B", ¶ 1 (docket no. 28). This affidavit attests that the affiant has reviewed plaintiff's records, and that, "[a]ccording to NCO's records, a validation notice was sent to Ms. Harris on July 27, 1999, which was within five days of the initial communication with Ms. Harris." Affidavit, ¶¶ 3, 4. Further: "At no point during the time that NCO administered the collection of Ms. Harris' account, did Ms. Harris dispute the debt." Affidavit, ¶ 6.

Because a genuine issue of fact exists as to (1) whether a validation notice was given as required by § 1692g, and (2) whether plaintiff disputed the debt as set forth in that section - obligating NCO to submit evidence of the origin and validity of the debt - summary judgment must be denied.[3]

---

[3] Defendant's response also raises a statute of limitations argument premised on 15 U.S.C. § 1692k(d): "An action to enforce any liability created by this title may be brought in any appropriate United States District Court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). "The Statute of Limitations begins to run at the time of the alleged action - not when the Plaintiff receives notice." Shivone v. Washington Mut. Bank. F.A., 2008 WL 3154688 (E.D. Pa., filed Aug. 5, 2008), citing Mattson v. U.S. West Communications, Inc., 967 F.2d 259, 261 (8th Cir. 1992) (holding that mailing of a collection letter by a debt collector sufficed to trigger the statute, because "the date of mailing is a date which . . . is easy to determine, ascertainable by both parties, and may be easily applied.").

In this case, defendant attempted collection of a debt from plaintiff during the period from approximately July 27, 1999 through August 26, 2006. See, e.g., August 29, 2006 correspondence from defendant to plaintiff, attached as Exhibit 8b to plaintiff's motion ("This letter is to acknowledge receipt of payment in the amount of $10,550.00 for the account listed above as settlement in full."). Plaintiff commenced this action on December 14, 2007.

Discovery, as noted in defendant's response, including plaintiff's deposition, is not complete.[4]  Upon completion, summary judgment may again be moved.


                              BY THE COURT:



                               /S/ Edmund V. Ludwig
                              Edmund V. Ludwig, J.


_____

    [4] On February 24, 2009, an order was entered compelling plaintiff's appearance at deposition.